IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-MJ-1009-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) ) ) | **ORDER ON PRELIMINARY EXAMINATION AND DETENTION PENDING TRIAL** |
| NEVINE ALY ELSHIEKH, | ) ) ) |
| Defendant. | ) |

This matter came before the court today for a preliminary examination on the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending trial. The government presented the testimony of Julia Hanish, an agent with the Federal Bureau of Investigation. The court also reviewed the pretrial services report, which was prepared by the probation office and provided to the parties in advance of the hearing. Defendant was represented by counsel and presented the testimony of Dr. Aly Elshiekh, Defendant's father as a proposed third-party custodian.

The court finds that the credible information presented, including that reflected in the findings below, clearly establishes probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required. The government's motion is therefore allowed.

## BACKGROUND

The government has charged Defendant in a conspiracy to murder individuals ("trial witnesses") who provided testimony in the federal trial of Hysen Sherifi ("Sherifi"), which ultimately ended in his conviction in October 2011. In particular, Defendant is charged with conspiracy to use or cause another to use the mail or any facility of interstate or foreign commerce with the intent that a murder be committed as consideration for the receipt of or as consideration for a promise or agreement to pay anything of pecuniary value in violation of 18 U.S.C. § 1958(a). The credible evidence presented at the hearing included the following: (1) at all material times alleged in the criminal complaint, Sherifi was detained at the New Hanover County Detention Facility located in or around Wilmington, North Carolina; (2) Defendant operated a motor vehicle to travel from the Raleigh, North Carolina area to the Wilmington, North Carolina area along the federal interstate highway system to meet with a confidential source and Sherifi in the furtherance of the charged conspiracy; (3) Defendant used a telephone to communicate with Sherifi and a confidential source in the furtherance of the charged conspiracy; (4) Defendant used the United States mail to send information to Sherifi in furtherance of the charged conspiracy; (5) Defendant received addresses of trial witnesses from Sherifi and provided these addresses to the confidential source (6) Defendant received a photograph of an individual from the confidential source and provided the photograph to Sherifi; (7) Defendant subsequently met with the confidential source and confirmed the photograph to be of an individual to be killed and provided the confidential source with $750.

Agent Hanish testified further that when confronted, after having been informed of her rights pursuant to <u>Miranda</u> and agreeing to speak, Defendant admitted her involvement in the

2

conspiracy and stated that she knew the goal of the conspiracy was murder. According to Agent Hanish, Defendant stated further that through the conspiracy, Sherifi and she wanted to aid Subasic, another defendant from Sherifi's trial. Accordingly, based on this evidence, and for other reasons stated in open court, this court finds there is probable cause to believe Defendant committed the offense charged in the criminal complaint.

## DISCUSSION

The law requires that Defendant be detained pending trial based on the following principal findings and reasons: (1) evidence showing that the government has a strong case, including the evidence reviewed above; (2) Defendant has extensive family ties outside the United States and has recently traveled for an extended period to Egypt, (3) the lack of an appropriate release plan; (4) other findings and reasons stated in open court. Considerations cited by Defendant's counsel at the hearing as mitigating, including the testimony of Defendant's father, do not offset the other factors weighing heavily in favor of detention.

## CONCLUSION

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 3rd day of February, 2012.

／s／ Robert B. Jones, Jr.
Robert B. Jones, Jr.,
United States Magistrate Judge

4